## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| REBECCA ESPOSITO, | |
|     Plaintiff, | Civil Action No. _____ |
| v. | |
| MYLES WRECKER SERVICE, INC. and MYLES TRUCKING, INC., | JURY TRIAL DEMANDED |
|     Defendants. | |

## <u>COMPLAINT</u>

Plaintiff Rebecca Esposito ("Plaintiff") files this Complaint against Defendants Myles Wrecker Service, Inc. and Myles Trucking, Inc. (collectively "Defendants"). Defendants employed Plaintiff as a Dispatcher. In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendants willfully failed to pay Plaintiff (1) minimum wage for all hours worked; and (2) overtime wages for time worked in excess of 40 hours per week. Instead, Defendants paid Plaintiff a flat weekly rate. Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges that she is entitled to (i) unpaid minimum wages, for time in which she worked for Defendants but was not paid at least $7.25 per hour as required by the FLSA; (ii) unpaid overtime wages from Defendants for time she worked in excess of 40 hours per week and Defendants failed to pay her at one-and-one-half her regular rate; (iii) liquidated damages; (iv) interest; and (v) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This is an action brought under the FLSA for unpaid minimum wages, unpaid overtime wages, and other relief authorized by the FLSA.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3.      Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.      Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.      Defendants employed Plaintiff from approximately December 21, 2019 until June 26, 2020.  Plaintiff worked for Defendants as a Dispatcher.

2

6.     Defendants are a for-profit corporation with their principal place of business at 192 Swanson Drive, Lawrenceville, Georgia 30043.

7.     Defendants regularly do business in the Atlanta Division of the Northern District of Georgia.

8.     Defendants Myles Wrecker Service, Inc. and Myles Trucking, Inc., both may be served with process through their registered agent for service of process, Todd Myles, 192 Swanson Drive, Lawrenceville, Georgia 30043.

9.     At all relevant times, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because each "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

10.    At all relevant times, Defendants have employed and continue to employ employees, who engage or engaged in interstate commerce or in the production of goods for commerce.

11.    At all relevant times, Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

3

12.     On information and belief, at all relevant times, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.

13.     At all relevant times, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.     At all relevant times, Defendants were joint "employers" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

15.     Defendants are governed by and subject to 29 U.S.C. §§ 206, 207.

## STATEMENT OF FACTS

16.     Defendants employed Plaintiff as a Dispatcher from approximately December 21, 2019 until June 26, 2020.

17.     Defendants maintain an office in Lawrenceville, Georgia.

18.     Defendants offer heavy duty towing, recovery, and hauling services.

19.     As a Dispatcher, Plaintiff regularly worked remotely from her home.

20.     Plaintiff's primary job duties as a Dispatcher included: answering customer calls, determining the appropriate truck to dispatch depending on the customers' needs and dispatching truck drivers to the customers' locations.

21.     For the first 11 weeks of Plaintiff's employment with Defendants, from approximately December 21, 2019 to early March 2020, she routinely worked from

4

7 pm on Friday evening until 7 am on Monday morning, and was on-call for the entire duration during those days.

22.    During approximately the first 11 weeks of her employment with Defendants, Plaintiff regularly worked approximately 60 hours per workweek.

23.    When Plaintiff was on-call for consecutive shifts during the first 11 weeks of her employment, she was effectively restricted from using the time for her personal use.

24.    During approximately the first 11 weeks, Plaintiff worked in excess of 40 hours per workweek, and Defendants failed to pay Plaintiff at an overtime rate of one-and-one half her regular rate for all time worked in excess of 40 hours per workweek.

25.    Defendants knew or should have known that Plaintiff worked well in excess of 40 hours per workweek throughout her employment.

26.    Each and every week that Plaintiff was on call from Friday at 7 pm until Monday at 7 am, Defendants both (a) failed to pay Plaintiff minimum wage for all hours worked; and (b) failed to pay Plaintiff an overtime rate of one-and-one-half her regular rate.

27.    During approximately the first 11 weeks of Plaintiff's employment, Defendants paid Plaintiff a weekly rate of $200.00 per week.

28.     The $200.00 payment equated to approximately $3.33 per hour or less.

29.     The $200.00 weekly payment did not compensate Plaintiff at the required overtime rate of one-and-one half the regular rate for any substantial overtime hours that she worked.

30.     Each and every week that Plaintiff worked consecutive on-call shifts during approximately the first 11 weeks of her employment with Defendants, she worked well in excess of 40 hours per workweek.

31.     Plaintiff believes that she worked consecutive on-call shifts, nearly every workweek during the period from approximately December 21, 2019 to early March 2020.  After Defendants produce relevant documents in discovery, Plaintiff will be able to identify specific weeks.

32.     Beginning in approximately March 2020, Plaintiff was regularly scheduled to work five consecutive 14-hour shifts, Monday through Friday, and was on-call for 24 hours on Saturdays and Sundays.

33.     Plaintiff was routinely scheduled to work Monday through Friday, from 5 pm to 7 am, and was on-call from Saturday at 7 am until Monday at 7 am.

34.     Plaintiff regularly worked well in excess of 40 hours per workweek throughout her employment with Defendants.

35.    Beginning in March 2020, when Plaintiff was on-call for 24-hour consecutive shifts on Saturdays and Sunday, she was effectively restricted from using the time for her personal use.

36.    During the months of approximately March 2020 until June 26, 2020, Plaintiff typically worked approximately 118 hours per workweek.

37.    Defendants knew or should have known that Plaintiff worked well in excess of 40 hours per workweek throughout her employment.

38.    Each and every week that Plaintiff worked 14-hour shifts, Monday through Friday, and was on call for 24-hours on Saturdays and Sundays, Defendants both (a) failed to pay Plaintiff minimum wage for all hours worked; and (b) failed to pay Plaintiff an overtime rate of one-and-one-half her regular rate.

39.    From approximately March 2020 until June 26, 2020, Defendants paid Plaintiff a weekly rate of approximately $600.00 per week, when Plaintiff worked well in excess of 40 hours per workweek.

40.    The $600.00 payment equated to approximately $5.08 per hour.

41.    The $600.00 payment did not compensate Plaintiff at the required overtime rate of one-and-one half the regular rate for any substantial overtime hours that she worked.

42.     Each and every week that Plaintiff worked five consecutive 14-hour shifts, and two consecutive 24-hour shifts, she worked well in excess of 40 hours per workweek.

43.     Plaintiff believes that she worked seven consecutive days, including five consecutive 14-hour shifts and two consecutive 24-hour on-call shifts, nearly every workweek during the period from approximately March 2020 to June 26, 2020.  After Defendants produce relevant documents in discovery, Plaintiff will be able to identify specific weeks.

44.     Defendants failed to pay Plaintiff the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

45.     Defendants regularly failed to pay Plaintiff at the overtime rate of one and one-half her regular rate of pay for all time worked in excess of 40 hours per workweek.

46.     Plaintiff was not exempt from the FLSA under any recognized exemption.

47.     Plaintiff's primary duty was not to manage the operations of Defendants' business.

48.     During her employment with Defendants, Plaintiff was not empowered to, and did not, exercise discretion and independent judgment with respect to matters of significance.

49.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

50.     Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees at least minimum wage at the rate of $7.25 per hour for all hours worked in a workweek.

51.     Defendants' failure to pay Plaintiff minimum wage at the rate required by the FLSA was willful and was not in good faith.

52.     Defendants' were, or should have been, aware that the FLSA requires them to pay non-exempt employees overtime wages at a rate of one and one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

53.     Defendants' failure to pay Plaintiff overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

54.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wages for all hours worked in an amount to be determined at

trial, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

55.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
## Willful Failure to Pay Minimum Wages in Violation of the FLSA

56.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

57.   At all relevant times, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because they have "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

58.   On information and belief, at all relevant times, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.

59.     At all relevant times, Defendants had two or more "employees" engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

60.     At all relevant times, Defendants were joint "employers" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

61.     Defendants are governed by and subject to 29 U.S.C. § 206.

62.     The minimum wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

63.     The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiff, at the federal minimum wage for each hour worked.

64.     Defendants violated the FLSA by failing to pay Plaintiff the minimum wage of $7.25 per hour for all hours worked in each workweek.

65.     From approximately December 21, 2019 to early March 2020, Defendants violated the FLSA by paying Plaintiff a weekly rate of $200 per week, which was substantially less than $7.25 per hour.

66.     From approximately March 2020 to June 26, 2020, Defendants violated the FLSA by paying Plaintiff a weekly rate of $600 per week, which was substantially less than $7.25 per hour.

67.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

68.     Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

69.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants (a) unpaid minimum wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT TWO
## Willful Failure to Pay Overtime Wages in Violation of the FLSA

70.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

71.     At all relevant times, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because they have "employees engaged in commerce or in the production of goods for commerce, or that has

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

72.     On information and belief, at all relevant times, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.

73.     At all relevant times, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

74.     At all relevant times, Defendants were "employers" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

75.     Defendants are governed by and subject to 29 U.S.C. § 207.

76.     The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

77.     Plaintiff regularly worked for Defendants well in excess of 40 hours per week.

78.     Plaintiff typically worked approximately 60 hours per week throughout the first 11 weeks of her employment with Defendants and typically worked approximately 118 hours per week throughout March 2020 to June 26, 2020 of her employment with Defendants.

79.     Plaintiff was not exempt from the FLSA under any recognized exemption.

80.     The FLSA requires employers, such as Defendants, to compensate non-exempt employees, such as Plaintiff, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

81.     Defendants willfully failed to pay Plaintiff overtime wages at one-and-one-half her regular rate for all time she worked in excess of 40 hours per workweek.

82.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83.     Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

84.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a)     A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

b)     An award of unpaid minimum wages due under the FLSA;

c)     An award of unpaid overtime wages due under the FLSA;

d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages;

e)     An award of liquidated damages as a result of Defendants' failure to pay overtime wages;

f)     An award of prejudgment and post-judgment interest;

g)     An award of costs and expenses of this action, including reasonable attorneys' and expert fees; and

h)     Such other and further relief as the Court deems proper.

Dated this 19th day of November 2020.

Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463

Michael D. Forrest
Georgia Bar No. 974300
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com